ROSS, Senior Circuit Judge.
 

 Douglas Ewing, M.D., and Patricia Ewing, debtors, appeal from the district court’s order affirming the bankruptcy court’s preclusion of evidence concerning the Ewings’ right to recover a 1982 Mercedes Benz automobile in an adversary proceeding against the trustee, Walter M. Dickinson. We affirm.
 

 Douglas Ewing, M.D. and Patricia Ewing filed a voluntary joint petition as individual debtors under Chapter 11 of the Bankruptcy Code on April 19, 1982. At that time, Douglas Ewing, a medical doctor, was employed by Douglas Ewing, M.D., Inc., a medical corporation in which he was the sole stockholder. Upon filing of the petition, Douglas Ewing’s shares of stock in the medical corporation became property of the estate. While proceeding under Chapter 11, Ewing continued to provide medical care and to receive salary from the corporation. He failed, however, to file necessary operating reports, disclosure statements or a plan of reorganization. As a result, the case was converted to a Chapter 7 proceeding on January 10, 1983. Prior to conversion, but after commencement of the Chapter 11 case, the Ewings had purchased a 1982 Mercedes Benz, valued at approximately $32,000.
 

 On June 22, 1983, after conversion of the case, the Ewings filed an application for court order, requesting permission to mortgage the Mercedes in order to cover litigation expenses. At their request, the matter was heard at a scheduled pre-trial conference on June 28, 1983. Counsel for the Ewings argued (1) that the Mercedes was purchased with wages earned by the Ew-ings after the filing of the Chapter 11 petition, (2) that under 11 U.S.C. § 541(a)(6), income earned for personal services performed after the date of the filing of a case is not property of the estate, and (3) that because the Mercedes was purchased with Ewings’ post-petition earnings, the vehicle was not property of the estate. At the hearing, and by order dated July 11, 1983, the bankruptcy court
 
 [1]
 
 held that the Mercedes was property of the estate. In subsequent proceedings, the bankruptcy court issued its findings of fact and conclusions of law, stating that:
 

 11 U.S.C. § 541(a)(6) does not contemplate allowing a Debtor to file a petition under Chapter 11, operate a business, utilize property of the estate, and then exempt the “proceeds, product, offspring, rents, and profits,” from the estate, without making payments to creditors or accounting to the Court or to its creditors as to the source and disposition of these earnings and profits.
 

 Debtors, Douglas Ewing and Patricia Ewing, cannot be said to have been ful
 
 *1059
 
 filling their fiduciary obligations to the estate when as Debtors in Possession, the property of the estate was utilized and facilitated [sic] the Debtors’ purchase of a $32,000 automobile while at the same time, making no payments to creditors and failing to file operating reports, disclosure statements, or a plan of reorganization.
 

 The Court therefore, concludes that the 1982 Mercedes Benz 300SD Turbo Diesel automobile in possession of the Debtors is property of the estate and Debtors’ application to mortgage said automobile should be denied.
 

 In re: Ewing,
 
 No. HS 82-37B, slip op. 8-4 (Bankr.W.D.Ark. Nov. 3, 1983). The bankruptcy court then ordered the Ewings to turn over the vehicle to the estate’s trustee, Walter M. Dickinson. The bankruptcy court’s decision was affirmed by the district court.
 
 [2]
 
 The matter was then appealed to this court on March 22, 1984; however, on March 23rd the appeal was voluntarily dismissed as part of a settlement reached between the Ewings, the trustee, and several creditors of the estate (the 1984 settlement agreement).
 

 Ultimately, the settlement agreement was never consummated. Finally, in June 1985, the trustee commenced an adversary proceeding against the Ewings for turnover of property, and the Ewings counterclaimed for recovery of the Mercedes or its value. At a hearing in the adversary proceeding, the bankruptcy court
 
 [3]
 
 precluded the Ewings from introducing evidence to relitigate whether the Mercedes was property of the estate. In a memorandum opinion, the bankruptcy court held that such evidence was precluded because “it would have enlarged the legal rights which the [debtors] had prior to the execution and approval of the settlement agreement of March 23, 1984.”
 
 In re: Ewing,
 
 No. HS 82-37, slip op. 7 (Bankr.W.D.Ark. Feb. 11, 1986) (footnote omitted). The bankruptcy court also opined that, in light of the fact that (1) the Ewings dismissed their Eighth Circuit appeal of the district court’s February 24, 1984 order pursuant to the parties’ settlement agreement, (2) paragraph 20 of the settlement agreement reserved the right to assert any claim or cause against any other party in the event the agreement was not consummated, and (3) the parties’ admission that the settlement agreement was not consummated, the Ewings should, in fairness, be reinstated to their respective legal position immediately prior to the settlement agreement and be allowed to appeal the district court’s February 24, 1984 decision to the Eighth Circuit Court of Appeals.
 
 Id.
 
 at 5-7.
 

 On appeal, the district court
 
 [4]
 
 affirmed the bankruptcy court’s preclusion of evidence, stating fhat relitigation of the Ew-ings’ rights to the Mercedes was barred by the principles of
 
 res judicata.
 
 The district court also concurred with the bankruptcy court’s finding that “the effect of paragraph 20 of the 1984 settlement agreement was simply to reserve the right to assert any claim or cause of action that any party had against any other party immediately prior to the execution of the agreement.”
 
 Ewing v. Dickinson,
 
 No. 86-6047, slip op. 3 (W.D.Ark. Feb. 11, 1987) (footnotes omitted). The district court noted, however, that the issue of whether the Ewings’ prior appeal could be reinstated was a matter to be addressed to and considered by the Eighth Circuit Court of Appeals.
 

 In this appeal, the Ewings assert that the district court erred in finding that relit-igation of their rights to the Mercedes in the adversary proceeding was barred by
 
 res judicata.
 
 They also argue the merits of their original appeal, i.e., that the bankruptcy court erred in finding the Mercedes to be property of the estate. They therefore request this court to reinstate the prior appeal for the purpose of considering
 
 *1060
 
 that issue. For the reasons set forth below, we affirm the district court’s decision and deny reinstatement of the original appeal.
 

 We first address the district court’s application of
 
 res judicata
 
 in this case. The Ewings contend that
 
 res judicata
 
 was improperly applied because their original appeal concerning the Mercedes was pending in this court at the time of settlement. In other words, they claim that because of the pendency of their appeal, the matter had not been fully and finally adjudicated for
 
 res judicata
 
 purposes.
 

 We disagree. It is well established in the federal courts that “the pendency of an appeal does not diminish the
 
 res judicata
 
 effect of a judgment rendered by a federal court.”
 
 Hunt v. Liberty Lobby, Inc.,
 
 707 F.2d 1493, 1497-98 (D.C.Cir.1983) (citing
 
 Huron Holding Corp. v. Lincoln Mine Operating Co.,
 
 312 U.S. 183, 188-89, 61 S.Ct. 513, 515-16, 85 L.Ed. 725 (1941) (dictum);
 
 Reed v. Allen,
 
 286 U.S. 191, 199, 52 S.Ct. 532, 533, 76 L.Ed. 1054 (1932)).
 
 See also
 
 IB J. Moore, Moore’s Federal Practice ¶ 0.416[3], at 521-22 (“The federal rule is that the pendency of an appeal does not suspend the operation of an otherwise final judgment as res judicata or collateral es-toppel, unless the appeal removes the entire case to the appellate court and constitutes a proceeding de novo.”) (footnotes omitted). Based upon this well established rule, it is clear that the judgment of the bankruptcy court, finding the Mercedes to be property of the estate, was final. Therefore, the bankruptcy and district courts properly concluded that relitigation of the matter in the adversary proceeding was barred by
 
 res judicata.
 

 We now consider the Ewings’ request that this court allow reinstatement of the appeal they dismissed pursuant to the parties’ 1984 settlement agreement.
 
 [5]
 
 As previously noted, both the bankruptcy court and district court construed paragraph 20 of the agreement as reserving the parties’ legal claims and causes of action in the event that the settlement agreement was not consummated. The bankruptcy court went a step further and opined that, under this provision and the circumstances of this case, the Ewings should be allowed to reinstate their original appeal concerning the Mercedes to this court.
 

 We decline to adopt the view of the bankruptcy court and find that reinstatement of the appeal is precluded by the parties’ settlement agreement. Paragraph 2 of the settlement agreement provides:
 

 The litigation over the Mercedes Benz purchased by the Ewings in 1982 will be resolved in favor of the Trustee and the Ewings will release any claim to the Mercedes Benz or proceeds thereof. The Ewings may file a Notice of Appeal to the Eighth Circuit Court of Appeals to preserve their rights pending final approval of the settlement. In the event a Notice of Appeal is filed, then
 
 the Appeal will be dismissed upon final approval of the settlement.
 

 (Emphasis added). Paragraph 20 further provides:
 

 Any party hereby released admits no liability to any other party and all parties expressly reserve the right to assert any claim or cause of action such party may have against any other party in the event this Settlement Agreement is not approved by the Court or not consummated.
 

 Paragraph 20 applies generally to all of the parties to the settlement agreement, i.e., the Ewings, the trustee, and specific creditors, and it plainly reserves their rights to assert any claim or cause of action in the event that the agreement “is not approved by the Court or not consummated.” Paragraph 2, however, specifically addresses the Ewings’ right to appeal the litigation over the Mercedes and expressly provides that dismissal of the appeal was conditioned upon
 
 final approval
 
 of the agreement by the district court, not upon the execution or consummation of the terms of the agreement.
 

 In this instance, the settlement was in fact approved by the district court and the
 
 *1061
 
 appeal was dismissed. We must conclude that under the terms of the settlement agreement, the Ewings are estopped from challenging the dismissal of their appeal and therefore should not be allowed to reinstate their prior appeal.
 
 [6]
 
 Accordingly, we decline to reach the merits of the Ew-ings’ original appeal.
 

 Affirmed.
 

 [1]
 

 . The Honorable Charles Baker, United States Bankruptcy Judge for the Western District of Arkansas.
 

 [2]
 

 . The Honorable Oren Harris, Senior Judge, United States District Court for the Western District of Arkansas.
 

 [3]
 

 . The Honorable Robert F. Fussell, Chief Judge, United States Bankruptcy Court for the Western District of Arkansas.
 

 [4]
 

 .The Honorable Morris S. Arnold, United States District Court Judge for the Western District of Arkansas.
 

 [5]
 

 . That appeal, filed as No. 84-1393, was dismissed by order of this court on June 6, 1984.
 

 [6]
 

 . The court notes that the debtors, although unsuccessful in reinstating their appeal, possibly have an action for breach of settlement agreement. The court expresses no opinion on this possibility,