**In re John Samuel MARLAR.**

**Renee Williams, Trustee, Plaintiff,**

**v.**

**John S. Marlar, William Bradley Marlar and Cheyla Evans Marlar, Defendants.**

**Bankruptcy No. 98–11348S.**
**Adversary No. 99–1511.**

**United States Bankruptcy Court, W.D. Arkansas, El Dorado Division.**

March 2, 2000.

Thomas Streetman, Crossett, AR, for plaintiff.

John Lightfoot, Teresa Wineland, El Dorado, AR, Cheyla Marlar, Hampton, AR, for defendants.

Renee Williams, Hot Springs, AR, Chapter 7 Trustee.

### ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the trustee's Motion for Partial Summary Judgment filed on January 10, 2000, to which the defendant John Marlar responded on January 20, 2000. On January 31, 2000, William Marlar responded to the motion and also requested summary judgment in his favor.

The complaint seeks avoidance of a transfer of real property from the debtor to his son on the grounds that the transfer was fraudulent or constructively fraudulent. Although the conveyance of the property was made in 1986, it was not recorded until 1995, and Arkansas law provides that the effective date of the transfer is the date of recording. Accordingly, since the trustee's unrebutted evidence is that the transfer was made without reasonably equivalent value and rendered the debtor insolvent, summary judgment is appropriate.

## Factual Background and Uncontested Facts

In 1986, the debtor John Marlar contemplated marriage to Paula Davis. Seeking to protect his assets should his marriage not endure, a few days before his marriage he deeded 600 acres of real property to his son, Bradley. It is uncontested that the consideration for this transfer was ten dollars. Apparently, only John and Bradley Marlar were aware of this transaction; Paula Davis asserts she was unaware of the conveyance at the time it occurred. The deed was not recorded until the summer of 1995, during John and Paula's protracted and acrimonious divorce proceedings. In granting the Divorce Decree, the chancellor declined to avoid the transfer of real property from John Marlar to Bradley Marlar, but imposed an equitable lien in Paula Davis' favor upon the property. In order to recover on her judgment, Paula Davis initiated a fraudulent transfer action, seeking to avoid the deed from father to son. In May 1998, an Arkansas Chancellor issued a written letter opinion finding that the conveyance to Bradley, delivered before the marriage, was "not ineffective" as between John and Paula such that the deed would not be set aside.

On December 18, 1998, an Order for Relief was entered in this involuntary chapter 7 case. The trustee filed this adversary proceeding seeking to set aside the transfer of interest of the debtor in the 600 acres in order that it could be liquidated and proceeds distributed to creditors pursuant to the Bankruptcy Code. 11 U.S.C. §§ 544, 550; Ark.Code Ann. §§ 4–59–204(a)(1), (2), 4–59–207 (Mitchie 1996). Count I alleges that the transfer was actually fraudulent. 11 U.S.C. § 544; Ark.

Code Ann. § 5–59–204(a)(1). Counts II and III of the complaint assert that the transfers are constructively fraudulent such that they may be avoided.

The uncontested facts are simple and few:

- the debtor transferred 600 acres of real property to his son in exchange for ten dollars;
- the deed is dated December 19, 1986;
- the deed to the property was recorded on June 30, 1995, and July 3, 1995 [1];
- the debtor had a number of debts at the time of the recording of the deed, and, after the conveyance, he had virtually no assets of value,[2] rendering him insolvent after the transfer of real property.

## The Summary Judgment Standard

Rule 56, Federal Rules of Civil Procedure, provides that summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Burnette v. Dow Chemical Company,* 849 F.2d 1269, 1273 (10th Cir.1988). Summary judgment is appropriate when a court can conclude that no reasonable juror could find for the non-moving party on the basis of the evidence presented in the motion and response. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). As the Supreme Court has made clear, "summary judgment procedure is properly regarded not as a disfavored pro-

---

1. The property is located in both Ouachita and Dallas Counties, Arkansas.

2. At the time of the recording of the deed, the debtor owed at least approximately $52,000 to Farm Credit Services and $2,500 to an attorney. The bankruptcy schedules filed in 1998 indicate that he had $1,000 worth of assets. He has come forward with no evidence by which the Court could even infer that he was in any manner solvent at the time of the recording of the deed. The schedules indicate the debtor has nearly $100,000 of liabilities including the liability of Paula Davis, a creditor in existence at the time of the commencement of the case.

cedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex,* 477 U.S. at 327, 106 S.Ct. 2548.

The defendants' denial of the trustee's proof, characterized as "allegations," and demand for "strict proof" are without meaning in the context of Rule 56. After the movant has made a properly supported summary judgment motion, "the nonmovant [has] the burden of setting forth specific facts showing the existence of a genuine issue of fact for trial." *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505. Thus, a defendant may not rely on the allegations or denials in its pleadings to establish a genuine issue of fact, but must come forward with an affirmative showing of evidence. *See Anderson,* 477 U.S. at 250, 106 S.Ct. 2505. Of course, the court must accept as true the nonmovant's evidence, must draw all legitimate inferences in the nonmovant's favor, and must not weigh the evidence or the credibility of witnesses. *Windon Third Oil and Gas v. Federal Deposit Insurance Corporation,* 805 F.2d 342, 346 (10th Cir.1986).

### The Transfer of Interest under Arkansas Law and the Bankruptcy Code

The Arkansas fraudulent transfer statute is a constructive fraud provision:

(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditors' claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

(i) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(ii) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

Ark.Code Ann. § 4–59–204 (Mitchie 1996). Thus, the trustee must show that the debtor received less than reasonably equivalent value for the property and that he was insolvent on the date of the transfer or became insolvent as a result of the transfer.

The elements required to be proved under the fraudulent transfer statutes are not seriously in dispute. The debtor admits that he received only ten dollars for the conveyance and does not even assert that he was solvent after the recording of the deed. Rather, he asserts that he was solvent at the time of the original conveyance, in 1986. The debtor argues first that the transfer was in fact made on December 19, 1986, not the later date in 1995, and, therefore, was valid and not avoidable by the trustee. Further, the debtor points to the decision by the Arkansas Chancellor which held the transfer to be "not ineffective" and made in exchange for valuable consideration, namely love and affection.

■ The debtor's assertion that the transfer must be viewed at the time of the original conveyance is, as a matter of law, incorrect. Arkansas law clarifies when a transfer occurs in situations where a conveyance is made but not recorded until a subsequent date:

For the purposes of this subchapter:

(1) A transfer is made:

(i) With respect to an asset that is real property other than a fixture ... when the transfer is so far perfected that a good faith purchaser of the asset from the debtor against whom applicable law permits the transfer to be perfected cannot acquire an interest in the asset that is superior to the interest of the transferee.

Ark.Code Ann. 4–59–206(1)(i) (Mitchie 1996). *See* Ark.Code Ann. § 14–15–404(b) (Mitchie 1996). Thus, for purposes of the Arkansas fraudulent transfer statute, the transfer was made in 1995, and the effect upon the debtor, *i.e.*, his insolvency status must be analyzed at the time the deed was recorded in June of 1995. *Cf. Murphy v. Marshall*, 203 Ark. 986, 159 S.W.2d 741 (Ark.1942).

The debtor is correct insofar as he asserts that the consideration given, ten dollars plus love and affection, is good consideration for purposes of a conveyance. Under Arkansas law, love and affection may constitute consideration to validate a conveyance of real property. That does not mean, however, that love and affection is valuable consideration, fair consideration or amounts to reasonably equivalent value. *See United States v. West*, 299 F.Supp. 661, 665–66 (D.Del.1969); *Jahner v. Jacob*, 252 N.W.2d 1, 5 (N.D. 1977); *Doerschuk v. Wiseman*, 181 S.W.2d 789, 792 (Mo.Ct.App.1944). While an individual is entitled to give property to objects of affection, and deeds so conveying property are valid, *Brady v. Irby*, 101 Ark. 573, 142 S.W. 1124, 1125 (Ark.1912), such donations may not be made in derogation of the rights of creditors, *Rudy v. Austin*, 56 Ark. 73, 19 S.W. 111 (Ark.) ("The law requires every man to be just before he is generous."); *Brady v. Irby*, 101 Ark. 573, 142 S.W. 1124 (Ark.1912) (The law presumes a voluntary conveyance made while in debt is fraudulent as to existing creditors), and, although the original conveyance may be, as the Arkansas Chancellor noted, effective between the parties, the conveyance may still be avoidable by creditors, or in this case, the chapter 7 trustee. Fair consideration or, as the statutes require, reasonably equivalent value, is a fair exchange by market place standards, *cf. Jacoway v. Anderson (In re Ozark Restaurant Equipment Co.)*, 850 F.2d 342, 345

(8th Cir.1988), not an exchange of emotion, however laudable.

## Claim Preclusion

William Marlar argues that the trustee's action is precluded by the doctrines of *res judicata* or collateral estoppel because the state court issued a final judgment on a fraudulent conveyance action in favor of the debtor and against Paula Davis.[3]

The doctrine of *res judicata* bars the relitigation of issues actually litigated in another court of competent jurisdiction if (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Armstrong v. Norwest Bank Minneapolis, N.A.*, 964 F.2d 797, 802 (8th Cir.1992). Thus, a necessary prerequisite to the application of *res judicata*, or claim preclusion, is an identity of the parties or their privies. Similarly, the application of the doctrine of collateral estoppel, or issue preclusion, applies only when the party against whom the doctrine is asserted was a party, or a party in privity with a party, to the prior action. *See Johnson v. Miera (In re Miera)*, 926 F.2d 741, 743 (8th Cir.1991).

The analysis of privity must focus upon the parties, not upon who represented the parties. Thus, it does not matter that the trustee is now, and a single creditor, Paula Davis was previously represented by the same counsel. Application of the privity principles indicates that neither the creditors nor the chapter 7 trustee were in privity with Paula Davis in the prior proceedings between John and Paula. The plaintiff in this action is the chapter 7 trustee who is a representative of all of the creditors of the bankruptcy estate. The trustee is not merely a successor to the interests of the debtor or a

---

**3.** Although the decision in the state court fraudulent transfer action is currently on appeal, the trustee rightly does not argue that the appellate process precludes application of these doctrines. *Cf. Dickinson v. Ewing (In re Ewing)*, 852 F.2d 1057 (8th Cir.1988).

representative of a single creditor. Rather she represents the interests of all of the creditors of the estate. It cannot be said that the interests of all of the creditors are sufficiently identified with the interest of the debtor's former wife that they can be held to be in privity with Ms. Davis. While Ms. Davis may have had representation and be collaterally estopped from relitigating the issues, the remainder of the debtor's creditors were not parties to the prior actions and are not bound by the prior determination. Ms. Marlar did not and does not now purport to have represented anyone else's interest but her own. Indeed, she will only be allowed to share in the trustee's recovery along with all of the other unsecured creditors of the debtor. Accordingly, the chapter 7 trustee, the general representative of all creditors, may not be bound by collateral estoppel or *res judicata* to the prior state court proceedings, *see Corzin v. Fordu (In re Fordu)*, 201 F.3d 693 (6th Cir.1999), even if the state court's decision to dismiss Paula Davis' fraudulent transfer action is affirmed.

### The Trustee's Recovery

Inasmuch as the trustee has demonstrated that the transfer of interest, the recording of the deed, was constructively fraudulent and subject to avoidance, she holds the rights and powers of a *bona fide* purchaser. Having avoided the transfer, section 550 assists in recovery of the property, or its value, from subsequent transferees. It provides that,

> [T]o the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a), of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
>> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made.

11 U.S.C. § 550(a).

In the instant case, the property is subject to recovery for the benefit of the

estate pursuant to section 550(a) inasmuch as Bradley Marlar, who received the property, is the immediate transferee of the initial transferee, his father, John Marlar. None of the exceptions relating to good faith purchasers for value are applicable. *See Max Sugarman*, 926 F.2d at 1256–57. Accordingly, the transfers may be avoided and the real property be included in the bankruptcy estate, 11 U.S.C. § 541(a).

**ORDERED** that judgment shall be entered in favor of the trustee and against all defendants on Counts II and III of the amended complaint. The Cross–Motion for Summary Judgment, filed on January 31, 2000, is Denied. William Bradley Marlar and Cheyla Marlar are directed to convey all of the subject lands located in Ouachita and Dallas Counties, Arkansas to the Chapter 7 trustee, Renee S. Williams.

**IT IS SO ORDERED.**