In re John Samuel MARLAR.

Renee Williams, Trustee, Plaintiff,

v.

John S. Marlar, William Bradley Marlar, and Cheyla Evans Marlar, Defendants.

Bankruptcy No. 98–11358 S.
Adversary No. 99–1511.

United States Bankruptcy Court,
W.D. Arkansas,
El Dorado Division.

April 12, 2000.

Renee Williams, Hot Springs, AR, Chapter 7 Trustee.

Teresa Wineland, El Dorado, AR, for William Bradley Marlar.

## ORDER

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon several motions filed by the debtor through his attorney as well as a Notice of Appeal, filed by the debtor *pro se*, in which he requests stay of the proceeding pending appeal. The complaint in this proceeding sought avoidance of a transfer of real property from the debtor to his son on the grounds that the transfer was fraudulent or constructively fraudulent. On January 10, 2000, the trustee filed a motion for partial summary judgment and both John Marlar and William Marlar responded to that motion. The court issued an order granting the motion for partial summary judgment on March 2, 2000, but did not issue a judgment. Rather, inasmuch as it appeared that the determination of Counts II and III of the complaint rendered decision on the remaining count unnecessary, the court issued an order to show cause why judgment should not be entered. In response to the order to show cause, the parties submitted various motions and notices. The Court has the following the documents before it:

1. John Marlar's Petition for Opportunity to Show Cause, filed on March 13, 2000, in which he requests permission to submit proof that "the purported creditor, Thomas S. Streetman" is not owed a debt. Thus, debtor seeks to introduce new evidence of his solvency on the date of transfer.

2. John Marlar's Motion to Amend Response to Motion for Summary Judgment, filed on March 13, 2000, in which he requests permission to supplement his original response to add financial information pertaining to his solvency effective through the year 1995.

3. John Marlar's Amended Response to Motion for Summary Judgment, filed on March 13, 2000, to which he appended a financial statement of John Marlar, effective June 30, 1995.

4. William Marlar's Response to Order to Show Cause, filed on March 13, 2000.

5. John Marlar's *pro se* Notice of Appeal and request for a stay pending appeal, filed on March 29, 2000.

### I. John Marlar's Requests to Submit Additional Evidence

John Marlar has filed two motions and a document by which he requests permission to submit proof that "the purported creditor, Thomas S. Streetman" is not owed a debt and supplement his original response to the motion for summary judgment to add financial information pertaining to his solvency effective through the year 1995. The trustee responds that the proposed new information is untimely and offers nothing new for the Court to consider. Moreover, the trustee denies the accuracy of the offered statement, noting that the "assets" on the debtor's proffered affidavit do not appear on the debtor's schedules and that the debtor previously specifically denied under oath that there existed other assets.

Rule 56, Federal Rules of Civil Procedure, provides that summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Tolerson v. Auburn Steel Co.,* 987 F.Supp. 700, 706 (E.D.Ark.)(Eisele, J.), *aff'd,* 131 F.3d 1255 (8th Cir.1997), *cert. denied,* 523 U.S. 1095, 118 S.Ct. 1562, 140 L.Ed.2d 793 (1998). After the movant has made a properly supported summary judgment motion, "the nonmovant [has] the burden of setting forth specific facts showing the existence of a genuine issue of fact for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Thus, a defendant may not rely on the allegations or denials in its pleadings to establish a genuine issue of fact, but must come forward with an affirmative showing of evidence. *National Bank of Commerce v. Dow Chemical Co.,* 165 F.3d 602, 607 (8th Cir.1999).

▮ Not only does the rule require that defendant come forward with an affirmative showing of evidence, the evidence must be presented in a timely manner. Motions for reconsideration may not be used to introduce evidence that could have been submitted while the motion was pending. *Chism v. W.R. Grace & Co.,* 158 F.3d 988, 993 n. 4 (8th Cir.1998)("The evidence presented by appellants with their motion for reconsideration appears to have been available when they responded to Grace's summary judgment motion. Thus, such evidence is not properly before us."). In the instant case, the materials that John Marlar now seeks to submit were in existence at the time he was required to respond to the motion, and there is no

argument or even an inference that there is any basis for the court to consider these second thoughts. Accordingly, Marlar's motions will be denied.

## II. *William Marlar's Response*

William Marlar's Response to Order to Show Cause, filed on March 13, 2000, asserts the following:

(a) *That the complaint includes lands not subject to the deeds in issue.* The trustee agrees with this assessment and the judgment shall reflect only the appropriate tracts.

(b) *That there is a question of fact as to whether John Marlar became insolvent* at the time the deed was recorded, arguing that because Paula Marlar asserted in 1995 that there were additional marital assets, there is a question of fact as to John Marlar's solvency when the deeds were recorded. This argument must be denied for the same reasons that John Marlar's motions were denied. The unsupported assertion of a particular fact supporting solvency is untimely. Secondly, the assertion does not raise a genuine issue of a material fact. The fact that debtor's spouse asserted the existence of marital assets in her divorce proceeding does not, without some evidence of the existence of those assets, create a dispute of fact.

▮ (c) *The court failed to address the issue that the attorney for the trustee should be disqualified from representing the trustee.*[1] The trustee was appointed after the order for relief in this involuntary case, and, on March 15, 1999, applied to the court for permission to employ Thomas Streetman and William Meeks. The application disclosed that the firm represented an unsecured creditor, Paula Davis, debtor's former spouse, that Paula Davis filed an unsecured claim in the bankruptcy, and

---

1. William Marlar's response and cross motion for summary judgment did not in fact raise the issue of a conflict of interest. Rather, the document discussed the representation in the context of Marlar's argument that the action was foreclosed by the application of *res judicata* or collateral estoppel.

that the firm represented Ms. Davis in her divorce action and other litigation against the debtor. The debtor objected to the application on the basis that the Streetman had a conflict of interest inasmuch as he was a "moving attorney" in the filing of the involuntary chapter 7 petition and is a creditor of the debtor such that Streetman has a conflict of interest. The United States trustee did not object to Mr. Streetman's employment. The debtor's objection was set for hearing but removed from the docket upon the parties' indication of a compromise of the issues. An order was subsequently submitted and signed, on May 6, 1999, which withdrew the debtor's objection. The application to employ Streetman and Meeks was approved on May 24, 1999.

■ Section 327 of the Bankruptcy Code permits the trustee to employ professionals and establishes specific requirements for their employment. The professional may not hold an interest adverse to the *estate*[2] and must be disinterested. Section 327(c) specifically states that a person is not disqualified for employment solely because of such person's employment or representation of a creditor. If there is an objection based upon such representation, the court must disapprove the employment only if there is an actual conflict of interest.

No evidence or argument has been advanced that there is in fact any conflict of interest in this case. The court file reveals that the debtor initially objected to Mr. Streetman's employment but subsequently withdrew his objection. In any event, there are no arguments or evidence by which the Court could infer an adverse interest, a lack of disinterestedness, a conflict of interest, any identity of interest, or, indeed, any impropriety in Mr. Streetman's representation of the chapter 7 trustee. In order to obtain disqualification of an attorney based upon the prior representation of a creditor, something more than the dual representation must be shown. 11 U.S.C. § 327(c); · *Collier on Bankruptcy* 3: 327.04[7][a] (15th Rev. Ed.).

### III. *Request for Stay Pending Appeal*

■ On March 29, 2000, John Marlar's filed a Notice of Appeal which contained a request for a stay pending appeal. The notice purports to be *pro se* although his attorney filed motions for reconsideration and there is no indication in the Court file either that counsel has sought or is now seeking to withdraw or that the debtor has terminated counsel's representation. In any event, the motion must be denied. First, the notice is premature because the Court has not rendered a final judgment that is subject to appeal. Even were the Court's order of March 3, 2000, considered a final order, there are pending post judgment motions which render the notice premature. Since there is no judgment from which the appeal lies, the request for stay does not present a justiciable issue for the Court, and the request should be denied.

■ Secondly, even if an appeal were appropriate, John Marlar has made no showing that the stay should be granted. Rule 8005 has specific requirements which must, at a minimum, be addressed in order to obtain a stay pending appeal. *See, e.g., In re Martin,* 199 B.R. 175 (Bankr. E.D.Ark.1996), *aff'd,* 116 F.3d 480, 1997 WL 334884 (8th Cir.1997). The failure to even address the elements for obtaining a stay is itself grounds for denial of the motion. *In re Cockings,* 172 B.R. 257 (Bankr.E.D.Ark.1994), *appeal dismissed,* No. 94–40555, 1994 WL 523607 (E.D.Ark. Sept. 16, 1994). The Court has before it no argument of any of the enumerated grounds and finds the motion to be without merit. Accordingly, it is

**ORDERED** as follows:

---

**2.** The requirement is that the interest not be adverse to the estate. There is no requirement that the interest not be adverse to the debtors. *See generally In re AroChem Corp.,* 176 F.3d 610 (2d Cir.1999).

1. John Marlar's Petition for Opportunity to Show Cause, filed on March 13, 2000, is Denied.

2. John Marlar's Motion to Amend Response to Motion for Summary Judgment, filed on March 13, 2000, is Denied.

3. John Marlar's request for a stay pending appeal, filed on March 29, 2000, is Denied.

4. The trustee is directed to confer with the counsel for defendant and submit a proposed Judgment for the Court's signature.[3] Time for filing an appeal of the issues in this adversary proceeding begin when the judgment is entered by the clerk.

**IT IS SO ORDERED**.

---

**3.** Such conference or agreement on the particular language of the judgment is not a waiver of any argument or right to appeal the judgment. Rather, the court seeks to ensure that only the appropriate tracts of land are included in the judgment. Inasmuch as there appears to be agreement on which lands are the proper subject of the complaint and judgment, the Court deems it appropriate that the parties, together, ensure the judgment reflects the correct legal descriptions of the tracts of land.