# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3431

_____

In Re:  John Samuel Marlar,             *
                                                  *

                Debtor.           *

--------------------------------------------------*

Renee S. Williams, Trustee      *

                                                  *   Appeal from the United States

             Appellee,     *   Bankruptcy Appellate Panel

                                                    *   for the Eighth Circuit.

          v.             *

                                                    *

John Samuel Marlar,          *

                                                    *

             Appellant.    *

                                                    *

_____

Submitted:  April 11, 2001

Filed: October 2, 2001

_____

Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

On December 19, 1986, two days before his marriage to Paula Davis, John S. Marlar conveyed his interest in 712 acres of Arkansas farmland to his son Bradley for ten dollars with love and admiration.  Bradley recorded the deed in mid-1995, during Marlar's contested divorce proceedings.  In the subsequent divorce decree, Davis was

awarded a $52,000 judgment secured by an equitable lien on any interest Marlar might have in the farmland. In June 1998, an Arkansas state court rejected Davis's suit to set aside the 1986 transfer to Bradley under the Arkansas Fraudulent Transfer Act, concluding that there was no evidence Marlar transferred the property with actual intent to defraud creditors, and that Davis's claim of constructive fraud failed because she had actual notice of the transfer prior to their marriage.

Less than a month after the state court judgment, Davis and two other creditors filed an involuntary petition against Marlar for relief under Chapter 7 of the Bankruptcy Code. The trustee in bankruptcy, represented by the same attorney who represented Davis in her unsuccessful state court action, then filed an adversary complaint to set aside the 1986 conveyance, seeking to bring the farmland into Marlar's bankruptcy estate and make it available to satisfy the claims of all creditors, including Davis. The bankruptcy court granted summary judgment in favor of the trustee, concluding that the date the deed was recorded by Bradley was the effective date of the transfer as to unsecured creditors who lacked prior notice, and that the transfer was made without adequate consideration and rendered Marlar insolvent. See In re Marlar, 246 B.R. 606 and 248 B.R. 577 (Bankr. W.D. Ark. 2000). The Eighth Circuit Bankruptcy Appellate Panel affirmed, 252 B.R. 743, 749 (B.A.P. 8th Cir. 2000). Marlar appeals,[1] arguing that principles of res judicata and collateral estoppel bar the trustee from relitigating the fraudulent transfer claim, and that summary judgment was inappropriate because there are disputed issues of material

---

[1] We reject the trustee's contention that Marlar has no standing to appeal. A debtor has standing to appeal if the bankruptcy court order "diminishes the person's property, increases the person's burdens, or impairs the person's rights." In re Andreuccetti, 975 F.2d 413, 416 (7th Cir. 1992) (quotation omitted). Marlar has retained possession and use of the land since transferring it to his son and successfully defended Davis's state court action to set aside the transfer. He has standing to appeal an order denying him that state court victory.

fact.  We affirm, but we direct that creditor Davis's bankruptcy claim may not be satisfied from this portion of Marlar's bankruptcy estate.

## I. Res Judicata Issues.

The bankruptcy trustee's avoidance powers include 11 U.S.C. § 544(b)(1), which provides that "the trustee may avoid any transfer of an interest of the debtor in property . . . that is voidable under applicable law by a creditor holding an unsecured claim."  To avoid the transfer from Marlar to his son, the trustee relies on the Arkansas Fraudulent Transfer Act, the same statute invoked by creditor Davis in her state court action.  To exercise her § 544(b)(1) avoidance power, the trustee must show that the transfer is voidable under state law by at least one unsecured creditor of the bankruptcy estate with an allowable claim.  See In re Wingspread Corp., 178 B.R. 938, 945 (Bankr. S.D.N.Y. 1995).  In this case, the trustee relies on three unsecured creditors in challenging the transfer from Marlar to his son: Marlar's ex-wife, Paula Davis; Farm Credit Services, an agricultural lender that financed cattle purchases in the early 1990's; and attorney Sandra Bradshaw, who represented Marlar during much of the divorce proceedings.

Marlar relies on the state court judgment in his favor in arguing that the trustee's Fraudulent Transfer Act claim is barred by res judicata and collateral estoppel.  Because the trustee is invoking state law, we look to the Arkansas law of claim and issue preclusion:

> Under the doctrine of res judicata or claim preclusion, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim or cause of action. . . . Collateral estoppel or issue preclusion bars the relitigation of issues of law or fact actually litigated by the parties in the first suit.

Robinson v. Buie, 817 S.W.2d 431, 432-33 (Ark. 1991). Res judicata would clearly bar creditor Davis from again challenging the transfer under the Fraudulent Transfer Act. Her claim was adjudicated on the merits in state court. She has no right to relitigate the state court's determination that, as to her, the effective date of the transfer from Marlar to Bradley was in 1986. Thus, the transfer is not, in the words of § 544(b)(1), "voidable under applicable law" by creditor Davis, and the trustee has no avoidance power based upon Davis's rights under Arkansas law.

However, the trustee argues, and the bankruptcy courts agreed, that § 544(b)(1) permits the trustee to avoid the transfer by invoking the rights of unsecured creditors Farm Credit Services and Sandra Bradshaw under Arkansas law. Stressing the fact that the attorney who represented Davis in the state court action represents the trustee in this adversary action, Marlar broadly asserts that the trustee is in privity with Davis and therefore lacks standing to attack the transfer as fraudulent. However, the trustee represents all unsecured creditors of the bankruptcy estate. See In re Fordu, 201 F.3d 693, 705 (6th Cir. 1999). The plain language of § 544(b)(1) permits the trustee to avoid the transfer if *any* unsecured creditor has the right to do so under state law. Thus, the fact that the transfer is not voidable by creditor Davis does not bar the trustee from relying on the rights of other unsecured creditors.

Marlar next argues that the trustee's § 544(b)(1) claim must fail because creditors Bradshaw and Farm Credit Services were themselves in privity with Davis and therefore are barred from relitigating the fraudulent transfer claim. Again, we disagree. "Privity of parties within the meaning of res judicata means a person so identified in interest with another that he represents the same legal right." Robinson, 817 S.W.2d at 432. "[P]rivity denotes mutual or successive relationship to the same right of property." Curry v. Hanna, 307 S.W.2d 77, 79 (Ark. 1957). Although the three creditors may now share a common interest in setting aside the transfer, the unsecured claims of Bradshaw and Farm Credit Services derive from completely different transactions. They had no interest in the divorce proceedings that gave rise

to Davis's claim, and the reason Davis lost her state court action -- her prior notice of the transfer to Bradley in 1986 -- does not apply to subsequent creditors such as Bradshaw and Farm Credit Services. Marlar's privity argument is without merit.

Marlar further argues that collateral estoppel bars creditors Bradshaw and Farm Credit Services from relitigating issues decided in creditor Davis's state court action. This contention has prompted the parties to debate whether collateral estoppel under Arkansas law is limited to parties in privity. But we need not decide that issue. Collateral estoppel only bars the relitigation of issues actually litigated in the prior suit. The state court determined that the transfer was effective as between Marlar and Bradley in 1986 and was not voidable by a creditor with prior actual notice, Paula Davis. The court did not consider whether the transfer might be voidable by a subsequent creditor of Marlar because Bradley did not record the deed until 1995. Accordingly, the trustee's assertion of that claim based upon the rights of creditors Bradshaw and Farm Credit Services is not barred by collateral estoppel.

## II. Whether Summary Judgment Was Appropriate.

Marlar argues that the bankruptcy court erred in granting summary judgment declaring the transfer to Bradley constructively fraudulent and ordering that the farmland be included in Marlar's bankruptcy estate. Like the Bankruptcy Appellate Panel, we review the grant of summary judgment *de novo*, viewing the facts in the light most favorable to the nonmoving party. See In re Hen House Interstate, Inc., 177 F.3d 719, 721 (8th Cir. 1999) (en banc), aff'd sub nom. Hartford Underwriters Ins. v. Union Planters Bank, 530 U.S. 1 (2000); In re Cochrane, 124 F.3d 978, 981 (8th Cir. 1997).

Marlar first argues that under Arkansas law the effective date of a transfer of real estate is the date the deed was transferred, not the date the deed was recorded. In support, Marlar cites cases adjudicating when a transfer was effective as between

the grantor and grantee, such as Barker v. Nelson, 812 S.W.2d 477, 479 (Ark. 1991). Here, on the other hand, the question is whether the transfer is voidable by the grantor's creditors under the Fraudulent Transfer Act. The question of when the transfer was made for purposes of that inquiry is specifically addressed in the statute:

> A transfer is made . . . [w]ith respect to an asset that is real property . . . when the transfer is so far perfected that a good faith purchaser of the asset from the debtor against whom applicable law permits the transfer to be perfected cannot acquire an interest in the asset that is superior to the interest of the transferee.

ARK. CODE ANN. § 4-59-206(1)(i). Under Arkansas law, a good faith purchaser of real property acquires an interest superior to that of a prior grantee who has not recorded his deed. See Halbrook v. Lewis, 163 S.W.2d 171, 172 (Ark. 1942); Boardwalk Regency Corp. v. Burd, 620 A.2d 448, 449 (N.J. Super. Ct. App. Div. 1993) (applying similar New Jersey statutes). As it is undisputed that Bradshaw and Farm Credit Services had no notice of the 1986 transfer to Bradley until the deed was recorded in 1995, we agree with the bankruptcy court that the property transfer was effective for purposes of the trustee's § 544(b)(1) claim when the deed was recorded.

The Fraudulent Transfer Act provides that a transfer is fraudulent as to a creditor if the debtor made the transfer without receiving reasonably equivalent value in exchange, and the debtor was insolvent at that time or became insolvent as a result of the transfer. ARK. CODE ANN. §§ 4-59-204(a)(2)(ii), 4-59-205(a). The bankruptcy court concluded that ten dollars with love and affection was not reasonably equivalent value as a matter of law. 246 B.R. at 610. Marlar argues that this ruling is contrary to the state court's decision that "[t]he love and affection which exists between father and son satisfy the requirement that the conveyance be made for valuable consideration." This contention confuses the distinction between the consideration needed to validate a transfer as between the parties, and the reasonably equivalent value required to preclude a decision that the transfer was fraudulent as to the

-6-

grantor's creditors. "[R]easonably equivalent value is a means of determining if the debtor received a fair exchange in the market place for the goods transferred." In re Ozark Restaurant Equip. Co., 850 F.2d 342, 344-45 (8th Cir. 1988). We agree with the bankruptcy court that ten dollars was not reasonably equivalent value for over 700 acres of farmland as a matter of law.

Finally, Marlar argues that his insolvency at the time the deed was recorded in 1995 is a material issue of disputed fact that precludes summary judgment in favor of the trustee. In the bankruptcy court, the trustee supported her motion for summary judgment with two creditor affidavits stating that Marlar was not paying his debts as they came due. Under Arkansas law, this created a presumption of insolvency. See ARK. CODE ANN. § 4-59-202(b). When Marlar made no attempt to rebut the presumption, the bankruptcy court granted summary judgment on this issue. Marlar then filed a motion to reconsider, submitting evidence purporting to demonstrate his solvency in 1995. The bankruptcy court denied the motion, ruling that this evidence was untimely because it was available when the trustee initially moved for summary judgment. 248 B.R. at 578-79. This ruling was well within the court's discretion. See Global Network Tech., Inc. v. Regional Airport Auth. of Louisville, 122 F.3d 661, 665-66 (8th Cir. 1997); Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988).

For the foregoing reasons, we affirm the bankruptcy court's order voiding the transfer from Marlar to his son and ordering that the farmland is part of Marlar's bankruptcy estate. However, to foreclose a future appeal from the bankruptcy proceeding, we will address an additional issue. Paula Davis has a state court judgment and therefore a claim against Marlar's bankruptcy estate. But a subsequent state court judgment determined that she may not use the Arkansas Fraudulent Transfer Act to enforce her divorce decree against the real property here at issue. Now Davis seeks to avoid the bar of the latter judgment by having that property included in Marlar's bankruptcy estate and applied to satisfy her claim against the

estate. This she may not do, because the result would be contrary both to principles of res judicata under Arkansas law, and to principles of comity reflected in the federal Rooker/Feldman doctrine. As the Supreme Court said in Heiser v. Woodruff, 327 U.S. 726, 732-33 (1946) (citations omitted):

> It is true that a bankruptcy court is also a court of equity, and may exercise equity powers in bankruptcy proceedings to set aside fraudulent claims . . . . But we are aware of no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of *res judicata*, which is founded upon the generally recognized public policy that there must be some end to litigation and that when one appears in court to present his case, is fully heard, and the contested issue is decided against him, he may not later renew the litigation in another court.

Accordingly, we direct the bankruptcy court not to satisfy the bankruptcy claim of Paula Davis, directly or indirectly, from any asset that has become a part of Marlar's bankruptcy estate by reason of this adversary proceeding. The judgment is affirmed. Each party shall bear his or her own costs.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.