**In re John Samuel MARLAR.**

**Renee S. Williams, Trustee, Plaintiff,**

**v.**

**Paula Marlar Davis, Defendant.**

**Bankruptcy No. 1:98–BK–11358M.**
**Adversary No. 1:02–AP–7067.**

United States Bankruptcy Court,
W.D. Arkansas.,
El Dorado Division.

Feb. 18, 2003.

---

John D. Lightfoot, Attorney at Law, El Dorado, AR, Robert L. Depper, Jr., Depper Law Firm, El Dorado, AR, Ted Botner, Compton, Prewett, Thomas & Hickey, El Dorado, AR, for Debtor.

Renee S. Williams, Attorney at Law, Hot Springs, AR, U.S. Bankruptcy Trustee.

Thomas S. Streetman, Streetman, Meeks & McMillan, Crossett, AR, for Renee S. Williams.

## MEMORANDUM OPINION

JAMES G. MIXON, Chief Judge.

On June 25, 1998, an involuntary petition for relief under the provisions of chapter 7 of the Bankruptcy Code was filed against John Samuel Marlar ("Debtor"). An order for relief under chapter 7 was granted on December 18, 1998, and Renee S. Williams was appointed Trustee ("Trustee").

On May 3, 2002, the Trustee filed a complaint against Paula Marlar Davis ("Defendant"). In her complaint, the Trustee requested the Court to determine the validity and extent of the Defendant's equitable lien in certain property of the estate and to allow the Trustee to avoid the Defendant's lien to the extent it is unsecured.

The complaint alleges that the Defendant was awarded an equitable lien in certain real property located in Dallas and Ouachita Counties in Arkansas by virtue of an Order of the Chancery Court of Ashley County, Arkansas, dated September 17, 1996. The lien purportedly secures a claim she filed in this case for the sum of $51,927.40 and interest accruing at the rate of 6% per annum from September 7, 1996.

The complaint further alleges that the real property subject to the Defendant's lien became property of the estate when the Trustee prevailed in a fraudulent conveyance action brought pursuant to the Bankruptcy Code. The opinion of the bankruptcy court with regard to the fraudulent conveyance action was subsequently affirmed by the Bankruptcy Appellate Panel for the Eighth Circuit and by the Eighth Circuit Court of Appeals on October 2, 2001. See *In re Marlar*, 246 B.R. 606 (Bankr.W.D.Ark.2000), *aff'd*, 252 B.R. 743 (8th Cir. BAP 2000), *aff'd*, 267 F.3d 749 (8th Cir.2001).

In its opinion affirming the lower court rulings, the Eighth Circuit Court of Ap-

peals directed the bankruptcy court to prohibit the Defendant in this action from receiving distribution on her claim directly or indirectly from any asset procured by the Trustee's fraudulent conveyance action. The Eighth Circuit's reasons for prohibiting payment of the Defendant's claim are set forth in the opinion.

The Defendant filed an answer to the Trustee's complaint and asserted her claim for $51,927.40 plus interest and her judicial lien. Trial on the merits occurred in Little Rock, Arkansas, on October 4, 2002. The parties submitted the matter to the Court upon written stipulations, agreed exhibits and briefs, and the case was taken under advisement.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),(K) & (0)(2000), and the Court has jurisdiction to enter a final judgment in this case. The following shall constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

The facts are undisputed. The Defendant was previously married to the Debtor. The parties were divorced in 1996. The Divorce Decree of the Chancery Court of Ashley County, Arkansas, granted a judgment against the Debtor in favor of the Defendant for $51,927.40 and granted the Defendant an equitable lien in real property described in the Decree "whether such ownership is now vested or becomes vested in the future." (Stipulation at 3.) The judgment was properly recorded in Dallas, Ouachita, and Ashley Counties in Arkansas.

Thereafter, the Defendant filed an action against the Debtor (prior to the bankruptcy filing) in the Circuit Court of Ouachita County, Arkansas, to set aside the fraudulent conveyance of several tracts of land by the Debtor to William Bradley Marlar. The Circuit Court held against the Defendant, finding that she failed to prove the conveyances were fraudulent under state law.

Subsequently, the Debtor was placed in this involuntary bankruptcy on the petition of the Defendant and two other creditors, and the Trustee herein was successful, under bankruptcy law, in setting aside the fraudulent transfer to William Bradley Marlar. The Bankruptcy Court's decision finding the transfer fraudulent was affirmed by the Eighth Circuit in a published opinion, *In re Marlar*, 267 F.3d 749 (8th Cir.2001).

Although the Defendant was not a party to the fraudulent conveyance action brought by the Trustee in bankruptcy court and not a party to the appeal, the Eighth Circuit mandated the following:

For the foregoing reasons, we affirm the bankruptcy court's order voiding the transfer from Marlar to his son and ordering that the farmland is part of Marlar's bankruptcy estate. However, to foreclose a future appeal from the bankruptcy proceeding, we will address an additional issue. Paula Davis has a state court judgment and therefore a claim against Marlar's bankruptcy estate. But a subsequent state court judgment determined that she may not use the Arkansas Fraudulent Transfer Act to enforce her divorce decree against the real property here at issue. Now Davis seeks to avoid the bar of the latter judgment by having that property included in Marlar's bankruptcy estate and applied to satisfy her claim against the estate. This she may not do, because the result would be contrary both to principles of res judicata under Arkansas law, and to principles of comity reflected in the federal Rooker/Feldman doctrine. As the Supreme Court said in *Heiser v. Woodruff*, 327 U.S. 726, 732–33, 66 S.Ct. 853, 90 L.Ed. 970 (1946) (citations omitted):

It is true that a bankruptcy court is also a court of equity, and may exercise equity powers in bankruptcy proceedings to set aside fraudulent claims.... But we are aware of no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata, which is founded upon the generally recognized public policy that there must be some end to litigation and that when one appears in court to present his case, is fully heard, and the contested issue is decided against him, he may not later renew the litigation in another court.

Accordingly, we direct the bankruptcy court not to satisfy the bankruptcy claim of Paula Davis, directly or indirectly, from any asset that has become a part of Marlar's bankruptcy estate by reason of this adversary proceeding. The judgment is affirmed. Each party shall bear his or her own costs.

*In re Marlar,* 267 F.3d at 756.

The parties to this proceeding have stipulated that the Trustee has in her possession proceeds from the sale of the Dallas County real property. The Trustee recovered this and other parcels of land through her fraudulent conveyance action. The Dallas County real property is part of the real property that was involved in the Defendant's unsuccessful state court fraudulent conveyance suit. The Trustee possesses sufficient monies or property to pay all unsecured creditors in full, but the Trustee does *not* have sufficient assets, exclusive of the Dallas County sale proceeds, to satisfy the Defendant's claim. The Defendant filed a timely claim and no party in interest has objected to her claim.

## DISCUSSION

The Defendant makes the argument that she should not be bound by the decision of the Eighth Circuit Court of Appeals that prevents her from satisfying her claim from assets recovered by the Trustee in the fraudulent conveyance action. She states that she was not a party to the appeal which resulted in the Eighth Circuit's decision denying her claim and avoiding her state law judgment lien in the real property and that she has been denied fundamental due process of law.

Further, she argues that the issue of the validity of her claim and lien was not an issue in the appeal. She also contends that the Eighth Circuit decision is at odds with the command of 11 U.S.C. § 726 concerning equality of distribution among claims of the same class.

Additionally, the Defendant emphasizes that the Trustee's fraudulent conveyance action was authorized pursuant to section 544(b) of the Bankruptcy Code and as such is solely a federal cause of action that does not implicate principles of preclusion. (Brief in Support of Answer to Complaint at 4 (citing "A Creditor's State–Court Fraudulent Conveyance Action, a Trustee's Subsequent § 544(b)(1) Action, and the Pertinence of Preclusion Principles," 21 Bankruptcy Law Letter No. 12, Dec. 2001).)

However, this Court must obey the mandate of the Eighth Circuit. The Bankruptcy Court lacks the authority to deviate from the mandate issued by the appellate court. *Independent Petroleum Ass'n of America v. Babbitt,* 235 F.3d 588, 597 (D.C.Cir.2001) (mandate rule is a more powerful version of law-of-the-case doctrine which prevents courts from reconsidering issues already decided in the same case) (citations omitted); *Houghton v. McDonnell Douglas Corp.,* 627 F.2d 858, 864 (8th Cir.1980) (every issue disposed of by an appellate court binds the lower court to execute appellate court's mandate without alteration, examination, or review) (citations omitted).

Whether the law of the case doctrine will apply or whether the Defendant is

entitled to any exemption from the law of the case doctrine will have to be determined by the Eighth Circuit Court of Appeals. *Eichman v. Fotomat Corp.*, 880 F.2d 149, 157 (9th Cir.1989) (law of the case controls unless first decision is clearly erroneous and would result in manifest injustice).

Therefore, for the reasons stated, the Court disallows the claim of a lien by the Defendant in the proceeds from the sale of the Dallas County, Arkansas real property and/or other property recovered by the Trustee in the aforementioned fraudulent conveyance action.

IT IS SO ORDERED.