# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2914

_____

William Bradley Marlar,        *
        *
      Appellant,      *
        *   Appeal from the United States
   v.             *   District Court for the
        *   Western District of Arkansas.
Renee S. Williams, Trustee,    *
        *   **[UNPUBLISHED]**
      Appellee.       *

_____

Submitted: April 15, 2009
Filed: September 11, 2009

_____

Before LOKEN, Chief Judge, COLLOTON, Circuit Judge, and ROSENBAUM,[*] District Judge.

_____

PER CURIAM.

John Marlar conveyed farmland to his son, appellant William Bradley Marlar, whom the parties refer to as Brad, two days before John's marriage to Paula Davis. The deed was not recorded until nine years later, during John's and Davis's contested divorce. Davis was awarded a $52,000 judgment against John. She sued in state court to set aside the conveyance to Brad. The court held the conveyance not fraudulent because John had no intent to defraud and Davis had notice prior to the marriage.

_____

[*]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

Davis and other creditors then filed this Chapter 7 involuntary bankruptcy proceeding against John. The bankruptcy court held the conveyance constructively fraudulent and included the farmland in John's estate. On appeal, we upheld the inclusion but directed the court not to satisfy Davis's claims from the bankruptcy estate. In re: Marlar, 267 F.3d 749 (8th Cir. 2001).

At the conclusion of the bankruptcy proceedings, the trustee deeded the estate's surplus property to John, including the farmland. Davis obtained a writ of execution on the farmland to satisfy her outstanding debt. John borrowed money to satisfy Davis's judgment, so the farmland still belongs to John. Meanwhile, Brad returned to bankruptcy court, seeking reformation of the deed transferring the land to John. He argued that the land was his, and that it would contradict this court's order to allow Davis to benefit indirectly from the bankruptcy estate. The bankruptcy court[1] denied the motion to reform the deed. Brad appealed. The district court[2] affirmed, finding no authority permitting the trustee to convey surplus property to a pre-bankruptcy owner, and noting that our prior order meant Davis could not be paid from the bankruptcy estate, not that the debt to her was discharged, and that John remains free to convey the farmland to Brad. Brad again appeals. Having thoroughly reviewed the record, we affirm for the reasons stated in the district court's order dated August 8, 2008.

_____

[1]The Honorable James G. Mixon, United States Bankruptcy Judge for the Western District of Arkansas.

[2]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.