262 N.J. Super. 162 (1993)
620 A.2d 448
BOARDWALK REGENCY CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JEFFREY SCOTT BURD AND LOUVETTE M. BURD, HUSBAND AND WIFE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 13, 1993.
Decided February 16, 1993.
*163 Before Judges KING, BRODY and THOMAS.
Mitchell S. Berman argued the cause for appellants (Eisenstat, Gabage & Berman, attorneys; Mr. Berman on the brief).
Lloyd D. Levenson argued the cause for respondent (Cooper Perskie April Niedelman Wagenheim & Levenson, attorneys; Mr. Levenson on the brief).
The opinion of the court was delivered by THOMAS, J.A.D.
Defendants appeal from a bench trial judgment setting aside the transfer of title to a single family home. The decision of the trial court was based upon the finding that the transfer was *164 statutorily fraudulent, contrary to N.J.S.A. 25:2-27a. We agree with Judge Himmelberger's decision and affirm.
Defendant Jeffrey Burd suffered gambling losses of $1 million on June 15, 1990. Civil suit followed, ultimately resulting in the entry of summary judgment in plaintiff's favor. Prior to this indebtedness, defendant Jeffrey Burd, on February 28, 1990, executed an agreement to purchase a single family home, then under construction, for his family. On March 19, 1990, the sales contract was amended to name defendant Jeffrey Burd's wife, defendant Louvette M. Burd as the sole purchaser. Settlement, passing title to the wife alone, took place on June 25, 1990 and the deed was recorded on June 27, 1990. The wife admittedly made no contribution toward the purchase price.
At issue is whether this transfer was a fraudulent conveyance and, therefore, void as to plaintiff, pursuant to N.J.S.A. 25:2-27a which provides:
A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.
Defendants contend there was no proof of actual intent to defraud. Alternatively, they argue that the trial court adopted the wrong transfer date in applying N.J.S.A. 25:2-27 (statutory fraud). The subject debt arose on June 15, 1990. The trial court determined that the "transfer" took place on June 27, 1990, the date the deed was recorded.
Statutory fraud, to void a transfer pursuant to N.J.S.A. 25:2-27a, results when three events occur: (1) the creditor's claim arises before the transfer; (2) the transfer is made without receiving full value; and (3) at the time of transfer, the debtor is insolvent. Fraudulent intent is not a part of this equation. The trial judge, in determining the date of transfer, applied N.J.S.A. 25:2-28a(1). It provides:

*165 A transfer is made: (1) [w]ith respect to an asset that is real property other than a fixture, but including the interest of a seller or purchaser under a contract for the sale of the asset, when the transfer is so far perfected that a good-faith purchaser of the asset from the debtor against whom applicable law permits the transfer to be perfected cannot acquire an interest in the asset that is superior to the interest of the transferee....
Judge Himmelberger correctly interpreted this section of the statute when he ruled that the date the deed was recorded, June 27, 1990, was the transfer date.
Not argued in their brief, but strongly urged at oral argument, was defendants' contention that plaintiff had failed to establish the third requirement needed for statutory fraud, namely insolvency. Insolvency, for the purpose of statutory fraud, is defined in N.J.S.A. 25:2-23a which reads, in pertinent part: "[a] debtor is insolvent if the sum of the debtor's debts is greater than all of the debtor's assets, at a fair valuation." A review of the record indicates that defendants' argument is without merit. It appears from defendant Jeffrey Burd's testimony that well before, and continuing to the time of transfer, his debts far exceeded his assets so that by definition, he was insolvent.
Lastly, defendant sought, as an alternative, to have the property placed in his name as well as his wife's, as tenants by the entirety. The trial judge refused, "because it was never titled that way in the first place, so there is no `equitable' reason to do so now." Defendants urge in support of this alternative, the ruling in ESB, Inc. v. Fischer, 185 N.J. Super. 373, 448 A.2d 1030 (Ch.Div. 1982). Key to the decision in ESB was the fact that the parties, prior to the fraudulent transfer, had been tenants by the entirety. ESB, therefore, is not applicable here. Judge Himmelberger's decision on the issue is sound and will not be disturbed.
Affirmed.