Opinion issued April 27, 2017



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00705-CV

———————————

**JAY COHEN, Appellant**

**V.**

**TOUR PARTNERS, LTD., DENNIS J. WILKERSON, AND EIGHTEEN INVESTMENTS, INC., Appellees**

On Appeal from the 55th District Court
Harris County, Texas
Trial Court Case No. 2013-68181

## DISSENTING OPINION

This is a frivolous appeal. All of appellant Jay Cohen's claims arise from a purported debt owed to him for the purchase of his shares of stock in Preston Realty Corporation ("PRC") in 2004. Cohen claims the debt was secured by a note and

deed of trust that placed a lien on property owned by PRC at 2017 Preston Avenue in Houston, Texas ("the Property"). The debt Cohen claims PRC owed him has never been shown to exist. The note Cohen claims he was fraudulently induced to agree to in return for not immediately being paid for his stock in 2004 has never been shown to exist. No deed of trust or lien in his favor was ever filed in the Harris County Public Records. Therefore, Cohen has nothing on which to base his claims. Undeterred, the majority grants him another round in the trial court following the other unsuccessful rounds recited below.

Even if Cohen had shown that he had a claim against the Property—which he has never done—his suit is barred by limitations. The alleged fraud by Dilick against Cohen, in which Dilick allegedly gave Cohen a note and a lien on the Property in exchange for a loan, took place in 2004. Those claims were thus time-barred when Cohen filed his claims in this suit in November 2014. On February 1, 2010, PRC transferred the Property, against which Cohen claims to have had a lien dating from 2004, to appellee Tour Partners, Ltd. by a written grant of a "Special Warranty Deed." This written deed was executed by Matthew Dilick, as President of PRC, the named "Grantor," in favor of Tour Partners, the named "Grantee," in return for "Cash and other good and valuable consideration," and it described the Property granted by PRC to Tour Partners by its address and full legal description. This "Special Warranty Deed" was filed in the public records of Harris County, Texas on

February 4, 2010 ("the 2010 Deed"). This was four and one-half years before Cohen filed his claims in this suit against Tour Partners alleging the Property had been fraudulently transferred. Therefore, Cohen's claims arising out of the alleged 2010 fraudulent transfer were time-barred when Cohen filed his claims in this suit, even if he had shown that he had a valid interest in the Property, which he has never done.[1]

Cohen argues, however, that limitations have not run on his claims. Ignoring all the other problems with the timeliness of his suit (as does the majority), Cohen claims the 2010 Deed was invalid for failing to contain the magic words "convey" or "transfer." He claims the Property was not transferred to Tour Partners until 2013, when PRC filed a correction deed using the terms of conveyance Cohen argues were required for a valid conveyance of real property. However, Texas law has never required such magic language so long as a deed is sufficiently specific to identify property conveyed from a named "grantor" to a named "grantee" in return for consideration—as the 2010 Deed did. But, even assuming a correction deed were required to make it clear that the Property really was transferred in February 2010 to Tour Partners, that fact would not help Cohen. A correction deed is, as a matter of law, made retroactive to the date of the original deed it corrects, and it is valid against

---

[1] Two additional suits brought by Cohen against Dilick alleging fraudulent transfers of property are currently pending before the Texas Supreme Court. *See Sommers v. Sandcastle Homes Inc.*, No. 15-0847, and *Sommers v. NewBiss Property, LP*, No. 15-0848.

3

anyone but a creditor or a bona fide purchaser of the property for value after the date of the original deed.[2] Cohen has never produced a scintilla of evidence that he is a creditor of PRC; and he cannot and does not claim to be a bona fide purchaser for value of the Property after the transfer of the Property by PRC to Tour Partners in February 2010. Therefore, Cohen's argument that only the 2013 correction deed is valid and that he is entitled to bring all of his multiply-time-barred claims is meritless.

The trial court's 2015 summary judgment in favor of Tour Partners, Ltd., its affiliated entity Eighteen Investments, Inc., and Dennis J. Wilkerson (collectively, "Tour Partners") correctly held that limitations had run on any claims Cohen might have had against Tour Partners well before he was brought into this suit as a third-party defendant in November 2014. Given the facts of this case, the majority opinion reversing the trial court's summary judgment and remanding this case for yet another round of litigation is not correct on the law and can only lead to more waste of litigant and judicial resources in violation of Texas Rule of Civil Procedure 1. *See* TEX. R. CIV. P. 1 (requiring liberal construction of rules so that their objective—"to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law"—may "be attained with as great

---

[2] *See* TEX. PROP. CODE ANN. § 5.030 (West 2014).

4

expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable"). Therefore, I respectfully dissent.

## Background

Jay Cohen once held a one-third ownership interest in PRC, which owned real property located at 2017 Preston Avenue. In 2003, he and the two other shareholders agreed to sell their shares in PRC to Matthew Dilick, or an entity he controlled, to develop the Property. According to Cohen, originally each of the three shareholders was to receive $400,000 cash from the sale of their shares in PRC to Dilick. Cohen claims that the two other shareholders were paid the full amount due but that Dilik asked him to accept a $400,000 promissory note for his share, secured by a deed of trust on the Property, and he agreed. Cohen further asserts that Dilick promised to place a lien on the Property to secure the note. It is undisputed that no such promissory note exists; no such deed of trust exists; and no lien securing Cohen's purported interest in the Property was ever recorded. Cohen, however, claims that he relied on representations by Dilick's attorney at the closing that all of these things were Dilick's responsibility and would be taken care of.

In addition to forgoing immediate payment and taking a promissory note, Cohen claims that he agreed to subordinate his lien on the Property to a lien filed by Regions Bank, which had loaned money to Dilick to enable him to purchase the PRC shares held by the others. Cohen did file a "Subordination of Lien" in 2004 in the

5

Harris County Public Records. That instrument described the $400,000 loan and deed of trust, but, as stated above, no underlying deed of trust or lien in Cohen's favor was filed or has ever been produced.

Cohen claims that the note on the $400,000 loan he made to Dilick matured in 2007, but he was never paid. He further claims that he became suspicious and began investigating Dilick's business dealings and Dilick's connection with his attorney, Howard Hebert, who had advised him to agree to the sales terms in 2004. However, he took no action to secure payment. Nor is there any indication in the record that he ever saw or asked to see the loan documents and lien on which he bases his claims against Tour Partners.

By 2009, the Property was facing foreclosure by Regions Bank. Tour Partners prevented the foreclosure by paying off the bank and purchasing the Property from PRC. To effect the sale, PRC executed a "Special Warranty Deed" ("the 2010 Deed"). The 2010 Deed listed PRC as the "Grantor," Tour Partners, Ltd. as the "Grantee," "2017 Preston Avenue, Houston, Texas 77002" as the subject "Property," and "Cash and other good and valuable consideration" as the "Consideration" for the transfer from Grantor to Grantee. The 2010 Deed included a complete legal description of the Property, and it was executed by Matthew G. Dilick as President of PRC and notarized on February 1, 2010. It was filed in the Harris County Public Records on February 4, 2010. Cohen claims that his purported note secured by the

6

unrecorded lien was not paid at the time of this transfer or subsequently. He claims that he found out about the 2010 Deed in April 2010, and he believed it was void because it lacked necessary conveyance language.

In April 2013, Tour Partners attempted to sell the Property to Ellington F. Holdings, LLC ("Ellington"). That transaction failed to go through, however, when a title search revealed the 2004 "Subordination of Lien" instrument reflecting Cohen's claim that he held a lien against the Property, which created a cloud on the title.

In July 2013, Cohen sued Tour Partners seeking a "judgment establishing and enforcing his unrecorded deed of trust and lien claim on the Property" ("Cohen's 2013 Lawsuit"). Cohen also asserted that the 2010 Deed was invalid and therefore did not divest him of his rights related to the Property.

In August 2013, one month after Cohen pleaded that the 2010 Deed was invalid for failing to include conveyance language, PRC executed a "Special Warranty Deed: Correction and Ratification" (the "Correction Deed"). This Correction Deed had the same terms as the 2010 Deed but included the conveyance language Cohen claimed was missing from the 2010 Deed.

In November 2013, Ellington sued Tour Partners in the instant suit in a separate district court for breach of contract, fraud, theft, and other causes of action based on its failure to convey the Property to Ellington.

On December 6, 2013, Cohen added PRC as a defendant in his 2013 Lawsuit. Cohen alleged:

> [PRC] defrauded and breached its promise to give [him] a lien on the Property to secure the $400,000 purchase money debt, and that Tour Partners . . . conspired with Mr. Dilick and [PRC] to defraud [him] in the transaction . . . or, alternatively, aided and abetted and knowingly participated in fraud and a breach of a special trust and/or fiduciary duty owed to [him] by Mr. Dilick and by Mr. Hebert [his attorney].

Cohen sought equitable enforcement of PRC's 2004 "promise to provide [him] with a lien on the Property securing a $400,000 debt." In other words, Cohen pled that PRC defrauded him by breaching Dilick's 2004 unsubstantiated oral promise to give him a lien on the Property securing his $400,000 loan to Dilick, and the promise was breached by Dilick's failure to "provide [him] with a lien on the Property." He therefore admitted he never had a lien on the Property. Nevertheless, Cohen again asserted that the 2010 Deed did not effectively convey title to Tour Partners and that any interest that Tour Partners had in the property was subject to his claims. Tour Partners later brought counterclaims against Cohen in this suit.

Tour Partners attempted to consolidate the two lawsuits—Ellington's and Cohen's—but consolidation was denied.

On July 15, 2014, Tour Partners, Cohen, and Ellington entered a Rule 11 agreement providing that depositions in the instant case and in Cohen's 2013 Lawsuit could be considered in both matters. Tour Partners also shared its discovery responses and document productions from the instant suit with Cohen in Cohen's

8

2013 Lawsuit. As discovery in the instant suit proceeded and Tour Partners learned that Cohen had no basis for his purported lien against the Property, it sued Cohen in the instant suit for tortious interference with Tour Partner's contract with Ellington by filing a third-party claim against him. Tour Partners alleged that Cohen's continuing efforts to assert a claim related to the Property interfered with its sale, and it sought to quiet title to the Property. Cohen, in response, filed counterclaims against Tour Partners in the instant case, asserting fraud, unjust enrichment, and civil conspiracy claims.

On October 17, 2014, Tour Partners sought summary judgment in Cohen's 2013 Lawsuit on all of Cohen's claims, asserting that they were barred by the statute of limitations and the statute of frauds and that Cohen had no evidence of at least one element of each of his causes of action. Tour Partners pleaded as follows:

> Cohen's claims are based solely on his contention that he failed to receive what he bargained for in his 2004 sale of the Stock. Because any claims for breach of contract expired in 2008, Cohen has brought this suit as an indirect method of acquiring the lien he claims to have been promised. . . . Similarly, the Statute of Frauds prevents Cohen from directly obtaining a lien in real property based on an oral contract [without written evidence of his lien, which has never been produced]. . . . [And further,] Cohen has no evidence that Tour Partners conspired with any other party or aided and abetted any tort.

Tour Partners also argued that the loan maturation date, November 2007, started the statute of limitations on Cohen's claims related to enforcement of his purported unrecorded lien.

9

While Tour Partners' summary judgment motion against Cohen was pending in Cohen's 2013 Lawsuit, Cohen added a fraudulent transfer claim under the Texas Uniform Fraudulent Transfer Act ("TUFTA") to his claims in that suit. *See* TEX. BUS. & COM. CODE ANN. §§ 24.001–.013 (West 2015 & Supp. 2016).

On November 10, 2014, the trial court granted summary judgment to Tour Partners in Cohen's 2013 Lawsuit on all of Cohen's claims, except the newly added fraudulent transfer claim. Cohen then nonsuited that last remaining claim, concluding that lawsuit.[3] That same day, Cohen reasserted his TUFTA fraudulent transfer claim in the instant suit.

On December 22, 2014, Tour Partners moved for summary judgment in the instant suit on its affirmative defenses that Cohen's counterclaims were barred by statutes of limitations or, with respect to the fraudulent-transfer claim, the TUFTA statute of repose. In support of its limitations affirmative defenses, Tour Partners argued that Cohen was asserting counterclaims about "eleven-year-old injuries from parties who had nothing to do with the alleged underlying fraud." According to Tour Partners, Cohen had sufficient knowledge to begin the limitations period on his claims against it no later than April 2010, when he admittedly found out about the 2010 Deed. Tour Partners asserted that Cohen "has repeatedly acknowledged that

---

[3] Cohen initially sought appellate review of the trial court's summary judgment ruling in his 2013 Lawsuit, but a panel of this Court dismissed his appeal for failure to file an appellate brief.

he became subjectively aware of the purported wrongdoing of the Tour Partners Parties" by April 2010, yet he did not sue Tour Partners until November 2014, more than four years later.

In response to Tour Partners' summary judgment motion, Cohen claimed that all of his claims arose in August 2013, when the Correction Deed was filed and the Property was fraudulently transferred by PRC to Tour Partners without paying off his lien. Therefore, none of his claims were barred by limitations (or, in the case of his TUFTA claim, by the statute of repose). He argued that the 2010 Deed was void and failed to transfer the Property under TUFTA.

On January 23, 2015, the trial court granted Tour Partners' motion for summary judgment in the instant suit on all of Cohen's claims. All other claims were nonsuited, making the judgment final.

Cohen appeals the trial court's summary judgment in favor of Tour Partners in the instant suit. The majority accepts Cohen's arguments and reverses and remands this suit for discovery and trial. I find Cohen's arguments meritless, his appeal frivolous, and the majority's rulings upholding Cohen's theories contrary to controlling law. I would affirm the judgment of the trial court.

## Summary Judgment for Tour Partners on its
## Limitations Affirmative Defenses

The trial court granted summary judgment to Tour Partners on its affirmative defense of limitations. In his first issue, Cohen argues that Tour Partners did not establish its affirmative defense as a matter of law. I disagree.

### A.      Standard of review

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). To prevail on a traditional summary judgment motion, the movant bears the burden of proving that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A defendant moving for traditional summary judgment must either (1) disprove at least one essential element of each of the plaintiff's causes of action or (2) conclusively establish each element of an affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam).

A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). If the movant meets its burden, the burden then shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *G.C. Bldgs., Inc. v. RGS Contractors, Inc.*, 188 S.W.3d 739, 741–42 (Tex. App.—

12

Dallas 2006, no pet.) (stating that if movant establishes right to judgment as matter of law, burden shifts to nonmovant to raise genuine issue of material fact or show movant's legal position is unsound).

**B.      Tour Partners established its limitations defense on its TUFTA claim as a matter of law**

All of Cohen's arguments are predicated on his unsubstantiated claim that he was defrauded when PRC transferred the Property to Tour Partners without paying him $400,000 that he was allegedly owed by PRC's owner, Dilick.  Cohen further claims this alleged debt was secured by an unfiled note and deed of trust he was promised that placed a subordinated lien on the Property in his favor.  He concedes, however, that no such documents have been shown to exist or were ever recorded.  He thus claims that he was defrauded by the promise made to him by Dilick in 2004 that these documents would be executed and filed.  Cohen's limitations argument is further predicated on his claim that the 2010 Deed did not convey the Property to which his unrecorded lien purportedly attached, that the Property was not conveyed until the Correction Deed was filed in August 2013, and that, therefore, his claims for a fraudulent conveyance under TUFTA, statutory fraud, conspiracy, and unjust enrichment all accrued and limitations began to run when the Correction Deed was filed.

Cohen's claims are entirely without merit.  First, Cohen has never presented any evidence of the $400,000 debt he claims he was owed by Dilick, and he has

admitted that no promissory note was ever executed, no deed of trust in his favor securing his loan was ever executed or filed in the public records, and no abstract of lien was ever filed.

Under TUFTA, a "transfer" is "every mode . . . of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance." TEX. BUS. & COM. CODE ANN. § 24.002(12). A transfer is fraudulent as to a creditor if the debtor made the transfer "with actual intent to hinder, delay, or defraud any creditor of the debtor." *Id.* § 24.005(a)(1) (West 2015). The TUFTA statute of repose provides that limitations runs on a transfer made under section 24.005(a)(1) "within four years after the transfer was made." *Id.* § 24.010(a)(1) (West 2015).

For real property, "a transfer [under TUFTA] is made when a deed is recorded." *Corpus v. Arriaga*, 294 S.W.3d 629, 635 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Here, no deed of trust in Cohen's favor securing a lien on the Property was ever recorded, so no interest in the Property was ever conveyed to Cohen. And there is no other evidence that Cohen had an interest in the Property, nor does he claim any interest other than through the purported 2004 lien. Therefore, Cohen cannot qualify as a creditor of PRC. The 2010 Deed from PRC to Tour Partners was recorded on February 4, 2010. This was more than four years before both October 31, 2014, when Cohen brought his fraudulent transfer claim in his own

14

2013 Lawsuit, and November 10, 2014, when Cohen nonsuited that claim and brought the same claim in the instant suit. His fraudulent transfer claim against Tour Partners is clearly time barred.

Cohen argues, however, that the 2010 Deed "could not be a TUFTA transfer applicable here because Mr. Cohen's claims to a lien were part of the chain of title and could not be affected by the 2010 non-conveyance deed." But this argument is without merit. The correct inquiry for purposes of a fraudulent transfer is the date PRC lost the ability to transfer title to the Property that was superior to the title Tour Partners received. As a matter of law, that date was February 4, 2010, the date the 2010 Deed was recorded. *See id.* It is not the date on which the Correction Deed was filed. No transfer of title—valid or otherwise—took place on the date the Correction Deed was filed.

Despite Cohen's contention—and the majority's agreement—the 2010 transfer of the Property from PRC to Tour Partners was valid. Compliance with the statutory form of conveyance is *not* a legal requirement for an effective conveyance, and it is not necessary to have all the formal parts of a deed recognized at common law or to use technical words of grant to convey land. *Harris v. Strawbridge*, 330 S.W.2d 911, 914–15 (Tex. Civ. App.—Houston 1959, writ ref'd n.r.e.). Rather, the courts look to the whole of an instrument to determine whether the parties intended a conveyance of the land described therein; and, if, from the whole of the instrument,

15

the court "can ascertain a grantor and a grantee and there are operative words *or* words of grant showing an intention by the grantor to convey title to land which is sufficiently described to the grantee, and it is signed and acknowledged by the grantor, it is a deed." *Id.* at 915 (emphasis added); *see Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 43 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Harlan v. Vetter*, 732 S.W.2d 390, 392 (Tex. App.—Eastland 1987, writ ref'd n.r.e.).

Here, all of the legal requirements of a deed were plainly satisfied by the 2010 Deed, the "Special Warranty Deed." The "Grantor" is expressly identified as PRC. The "Grantee" is expressly identified as Tour Partners Limited. The "Consideration" is specified as "Cash and other good and valuable consideration." The Property is described not only by its address, "2017 Preston, Houston, Texas 77002," but by its complete legal description. The "Special Warranty Deed" is signed by Matthew G. Dilick as President of PRC and notarized on February 1, 2010. Cohen admits that it was filed in the Public Records of Harris County, Texas on February 4, 2010. There is nothing missing that is required to effect a valid transfer of real property, in that payment of consideration by a specified grantee to a specified grantor for an interest in legally described property in a document signed by the grantor necessarily implies the conveyance of the property in return for the consideration. *See Gordon*, 352 S.W.3d at 43.

16

Once property has been transferred, a correction deed does not change the date of transfer. Property Code section 5.030(a) provides:

(a) A correction instrument . . . is:

    (1)    effective as of the effective date of the recorded original instrument of conveyance;

    (2)    prima facie evidence of the facts stated in the correction instrument;

    (3)    presumed to be true;

    (4)    subject to rebuttal; and

    (5)    notice to a subsequent buyer of the facts stated in the correction instrument.

TEX. PROP. CODE ANN. § 5.030(a) (West 2014). Under section 5.030, a correction instrument simply replaces the original instrument and is subject *only* to the property interests of creditors or bona fide purchasers for value without notice of the error in the original instrument and who acquired their interest on or after the date the original instrument was executed and filed in the public records and before the correction instrument was executed and filed in the public records. *Id.* § 5.030(b)–(c).

Cohen has not demonstrated any recorded interest in the Property. Cohen has never produced any evidence showing that he is a creditor of PRC. And he does not meet any of the criteria of a bona fide purchaser of an interest in the Property on or after the date of the 2010 Deed, as required to assert an interest in the Property greater than Tour Partners'. The Correction Deed was therefore effective as to him

17

as of February 4, 2010, the date the original instrument was recorded.[4]  *See id.* § 5.030(a)(1).

In short, I can find no basis in law for Cohen's claim that limitations began to run on his fraudulent transfer claim under TUFTA in August 2013, and not February 2010—when PRC executed the 2010 Deed—or April 2010—when Cohen admittedly discovered the 2010 Deed.

## C.    Tour Partners established its limitations defense to Cohen's statutory fraud in a real estate transaction, conspiracy, and unjust enrichment claims as a matter of law

Even if I were to assume that Cohen's other claims—for statutory fraud, civil conspiracy, and unjust enrichment—all accrued when he discovered that PRC had

---

[4]    The majority holds that this legal argument was not made by Tour Partners and therefore cannot be used to refute Cohen's legal argument that his causes of action are valid and not barred by limitations.  This is incorrect.  Courts review a trial court's summary judgment *de novo*.  *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *see also Guar. Cty. Mut. Ins. Co. v. Reyna*, 709 S.W.2d 647, 648 (Tex. 1986) (per curiam) ("We must uphold a correct lower court judgment on any legal theory before it, even if the court gives an incorrect reason for its judgment.").  Although the majority is correct that Tour Partners never cited Property Code section 5.030 as a basis for finding that limitations had run, Cohen argued in his summary judgment response that the 2013 Correction Deed did not relate back to the 2010 Deed, and, in its reply, Tour Partners responded that the 2010 Deed validly transferred the Property and the Correction Deed "merely ensured that the prior transaction had been correctly documented."  The issue concerning the validity of the 2010 Deed and whether the 2013 Correction Deed related back to this deed was therefore properly before the trial court.  *See* TEX. R. CIV. P. 166a(c) ("*Issues* not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.") (emphasis added).

transferred the Property to Tour Partners, namely in April 2010, I would still hold that each of those claims is time barred.

Cohen's statutory fraud claim is governed by Business and Commerce Code section 27.01 and has a four-year statute of limitations. *See* TEX. BUS. & COM. CODE ANN. § 27.01 (West 2015) (providing cause of action for fraud in real estate transaction); TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (West 2015) (providing that every action for which there is no express limitations period must be brought within four years after date action accrues). Conspiracy-to-defraud claims are subject to a two-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2017) (setting out two-year statute of limitations for certain claims); *Navarro v. Grant Thornton, LLP*, 316 S.W.3d 715, 719 (Tex. App.—Houston [14th Dist.] 2010, no pet.). At most, this claim is subject to the four-year statute of limitations set out in Civil Practice and Remedies Code section 16.051. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051. And an unjust enrichment claim also has a two-year statute of limitations. *Id.* § 16.003; *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 870 (Tex. 2007) (per curiam). Cohen has pled no facts or law under which any of these claims would not be barred by limitations.

I would hold that Tour Partners established all of its limitations affirmative defenses as a matter of law, and the trial court did not err by granting summary judgment on that basis to Tour Partners on all of Cohen's counterclaims.

## Conclusion

I would affirm the summary judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Brown, and Huddle.

Justice Keyes, dissenting.